UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PINGREY, | No. 2:16-cv-00254-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | |
| Defendant. | |

On May 9, 2016, the court ordered plaintiff Donna Pingrey to show cause why the case should not be dismissed for lack of subject matter jurisdiction. ECF No. 6. The court deferred consideration of Ms. Pingrey's motion to proceed *in forma pauperis* (IFP) (ECF No. 2) pending her response to the court's order. ECF No. 6. On May 13, 2016, Ms. Pingrey responded to the court's order and filed a first amended complaint, which included additional allegations regarding jurisdiction. ECF Nos. 6 & 7. Specifically, the first amended complaint alleges the benefit amount at issue exceeds $114,000, First Am. Compl. ¶¶ 23 & 38, defendant is incorporated in Massachusetts with its principal place of business in New Hampshire, *id.* ¶ 2, and plaintiff is a resident of California, *id.* ¶ 1. The court finds plaintiff has sufficiently pleaded diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. Accordingly, the court DISCHARGES its May 9, 2016 order to show cause.

1

The court next considers plaintiff's motion to proceed IFP (ECF No. 2). A party instituting a civil action in a United States district court, except for an application for a writ of habeas corpus, must pay a filing fee of $400.00. 28 U.S.C. § 1914. If a party, however, is granted leave to proceed IFP, an action may proceed without prepaying the entire fee. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify for IFP status, a party need not show that he or she is entirely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Yet, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, plaintiff is entitled to IFP status. In the application to proceed without prepayment of fees and affidavit, form number AO 240, plaintiff, under penalty of perjury, states she receives only $431.00 in retirement income each month, and has been using her $4,000 in savings to supplement her income. ECF No. 2; *see also* ECF No. 5. Her only other assets are a 2006 Ford Focus and an individual retirement account of $17,761. ECF No. 2. Accordingly, based on these circumstances, the court finds plaintiff qualifies for IFP status.

For the foregoing reasons, the court orders as follows:

1. The court's May 9, 2016 order to show cause is DISCHARGED.
2. Plaintiff's motion to proceed *in forma pauperis* is GRANTED.
3. Service is appropriate for the named defendant.
4. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety (90) days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, including a copy of this court's status order, without prepayment of costs.
5. The Clerk of the Court shall send plaintiff one USM-285 form for each named defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

/////

6. Plaintiff is directed to supply the U.S. Marshal, within fifteen (15) days from the date this order is filed, all information needed by the Marshal to effect service of process, and <u>shall file a statement with the court that said documents have been submitted to the United States Marshal</u>.  The court anticipates that, to effect service, the U.S. Marshal will require at least:

   a. One completed summons for each defendant;

   b. One completed USM-285 form for each defendant;

   c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

   d. One copy of this court's status order for each defendant; and

   e. One copy of the instant order for each defendant.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within ninety (90) days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA, 95814, Tel. No. (916) 930-2030.

IT IS SO ORDERED.

DATED: May 18, 2016

_____
UNITED STATES DISTRICT JUDGE